## TOWNSEND BAGLEY *v.* GEORGE R. WARD, AND FREDERICK MEBIUS.

LIEN OF A JUSTICE'S JUDGMENT ON REAL ESTATE. — A judgment rendered by a Justice of the Peace does not become a lien on the real estate of the judgment debtor until a copy of the judgment, certified by the Justice, has been recorded in the office of the County Recorder.

RECORDING OF DOCKET ENTRIES OF A JUSTICE. — The filing and recording in the Recorder's office of the copies of docket entries made by a Justice of the Peace, does not constitute the judgment a lien on the real estate of the judgment debtor.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Plaintiff recovered judgment, and defendants appealed.
The other facts are stated in the opinion of the Court.

*Stanley & Hayes*, for Appellants.

The alleged transcripts do not themselves profess to be " a transcript of the judgment;" they are certified to be " a true and correct transcript of the judgment *docket.*" A Justice of the Peace has no authority by law to keep a book denominated a "judgment docket;" the only book he is authorized to keep is one called a " docket," and the statute specifies in detail what entries are to be made in it. (Practice Act, Sec.

47

604.) None of these entries correspond with the alleged transcripts.

*G. F. & W. H. Sharp*, for Respondent.

By the Court, RHODES, J.

This is an action of ejectment to recover the undivided half of a lot in San Francisco. The complaint is in the usual form, and the answer denies most of the material allegations of the complaint, and sets up title in the lessor of one of the defendants, but the parties have narrowed the issues by their stipulation made August 30, 1860, by which it was agreed "that on the 5th of November, 1855, Sanders and Brenham owned and possessed one equal undivided half of hundred vara lot Number Two Hundred and Fifty-Three. That plaintiff claims to have Sanders' and Brenham's title to said undivided half of said lot under attachments and judgment sales against Sanders and Brenham, and not otherwise; and said defendant claims to have Sanders' and Brenham's title to said undivided half of said lot under attachments and judgment sales against said Sanders and Brenham, and not otherwise; and that the sole issue to be tried herein is—which party to this suit has succeeded to the title of Sanders and Brenham?"

The plaintiff introduced in evidence two judgments against Sanders and Brenham, rendered January 14, 1856, by a Justice of the Peace, under each of which the premises were sold January 20, 1858; also a judgment in the case of *Center* v. *Sanders and Brenham*, rendered by the District Court, January 25, 1856, under which the plaintiff redeemed the premises from the sales made under the Justice's judgments. A Sheriff's deed was executed to the plaintiff as such redemptioner, October 19, 1858.

The plaintiff, in order to show that the Center judgment was a lien on the premises, subsequent to that of the two judgments rendered by the Justice of the Peace, introduced in evidence copies of the record in the County Recorder's

office, which were copies of original papers filed and recorded therein as transcripts of the judgment docket of the Justice of the Peace, of the two judgments rendered by him, the transcripts being in form quite similar to the docket entries required to be made in the judgment dockets kept by County Clerks of judgments rendered in the District Court, but they were *not copies* of the judgments of the Justice of the Peace. The defendants objected to the admission of the Recorder's copies of the Justice's docket entries on several grounds, and among others that they were not transcripts of the judgments which were required by law to be filed in the Recorder's office, to constitute liens upon the real estate of the judgment debtor, but the Court overruled the objections. We consider the objection well taken. The law does not recognize a Justice's judgment docket for any purpose, and in order to create a lien upon the real estate of the judgment debtor, a transcript of the judgment—which is a copy of the judgment—certified by the Justice, must be filed and recorded in the County Recorder's office. (Practice Act, Sec. 599.) The filing and recording in the Recorder's office of the copies of the Justice's judgment docket entries did not constitute the judgment a lien on the real estate of Sanders and Brenham. It follows, therefore, that the Center judgment was not a lien upon the premises, subsequent to that of the judgments rendered by the Justice of the Peace, and that the holder of the Center judgment was not a redemptioner from the sales made under the Justice's judgments. (Practice Act, Sec. 230.) The deed executed by the Sheriff to the plaintiff as such redemptioner was without authority of law and is void.

It appears from the statement that the Court found for the plaintiff on the ground that the filing in the Recorder's office of the copies of the Justice's judgment docket created a lien upon the premises, and it is therefore improper for us to attempt to ascertain whether the remaining evidence introduced by the plaintiff was sufficient to have authorized the

Court to find for the plaintiff, for it is the province of the Court below to find the facts in the case.

Judgment reversed and cause remanded for a new trial.

Mr. Justice CURREY expressed no opinion.